# Richmond

## James E. Reel v. Norma Lee Spencer and E. H. Johnson.

April 26, 1948.

Record No. 3327.

Present, Hudgins, C. J., and Gregory, Eggleston, Spratley and Miller, JJ.

The opinion states the case.

*W. C. Pender* and *Nelson W. Coward,* for the plaintiff in error.

*James N. Garrett* and *Rixey & Rixey,* for the defendants in error.

EGGLESTON, J., delivered the opinion of the court.

Miss Norma Lee Spencer, a young lady of twenty-one years, while riding as a guest in a car owned and operated by James E. Reel, was severely injured when that vehicle collided with another driven by E. H. Johnson. In an action to recover damages for her injuries Miss Spencer was awarded a verdict and judgment against the operators of both vehicles, and the matter is now before us on a writ of error allowed Reel. Johnson, the other defendant below, does not question the validity of the judgment which has become final against him, but he joins with Miss Spencer, the plaintiff below, in resisting the efforts of Reel to be relieved of liability here.

The determinative issue presented to us is whether the evidence sustains the verdict and judgment against Reel, predicated upon the theory that he was guilty of gross negligence which proximately caused Miss Spencer's injuries. Such finding of gross negligence is necessary in order to warrant a judgment in favor of a guest against a host under the statute. Michie's Code of 1942, section 2154(232); Acts 1938, ch. 285, p. 417.

The collision occurred at about 10:30 p. m. on December 31, 1946, at the intersection of Brambleton and Park avenues, in the city of Norfolk. At the time a misty rain

was falling, the visibility was poor, and the streets were slippery. Brambleton avenue runs east and west and is of sufficient width to accommodate four lanes of vehicular traffic. Park avenue runs north and south. Both streets are paved with asphalt and in the center of the intersection is an overhead traffic light.

The Reel car was bound west on Brambleton avenue, and Miss Spencer sat on the front seat, next to the driver. Another young couple occupied the rear seat. A car driven by Charles Munson, with three passengers, was following the Reel car. The occupants of the two cars were bound for a midnight showing of a moving picture in the business district of Norfolk.

According to the undisputed testimony, including that of Miss Spencer, the Reel car approached the intersection at a moderate speed of from fifteen to twenty miles per hour. As the traffic light was green, the car proceeded into the intersection. When it reached the center of the intersection it collided with the Johnson car which had been proceeding east on Brambleton avenue and was in the act of making a left turn, across the line of travel of the Reel car, for the purpose of going north on Park avenue.

The front of the Reel car struck the right front wheel of the Johnson car. Both vehicles came to a stop almost immediately. After the collision the rear of the Reel car was in its proper west-bound lane on Brambleton avenue, with its front turned slightly to the right. The Johnson car was at the northwest corner of the intersection, heading northwardly along the west side of Park avenue. Miss Spencer, who had been sitting on her foot, was thrown from her seat and injured.

Each of the drivers claimed that his car entered the intersection first, and that the collision was occasioned by the fault of the other driver in not conceding the right of way.

Reel testified that when he first observed the lights of the oncoming Johnson car each of the vehicles was about a block from the intersection; that he kept his eyes on the

Johnson car; that it was approaching at a moderate speed; that its driver gave no signal indicating his intention to make a left turn at the intersection; and that he (Reel) thought the other car was going straight ahead through the intersection until it suddenly made a short left turn immediately across the path of his (Reel's) car. Reel said that the emergency with which he was confronted was so sudden that he did not have time to apply his brakes.

Johnson, the driver of the other car, and his brother who was a passenger therein, were equally as positive that their car entered the intersection first; that when it did so the Reel car was some forty-two steps east of the intersection; that Johnson lowered the left front window of his car and gave a proper signal for a left turn, and was in the act of making a wide turn around the center of the intersection when the collision occurred.

The plaintiff below contends that the facts and circumstances bring the case within the principle enunciated in *Drumwright* v. *Walker*, 167 Va. 307, 189 S. E. 310, in which we held that a combination of negligent acts, each constituting only ordinary negligence, when taken together might constitute gross negligence.

In support of this contention it is argued that the verdict, convicting Reel of gross negligence, must have been predicated upon the finding that the collision occurred in the manner related by Johnson; that is, that Johnson gave a proper signal of his intention to make a left turn and that Reel failed to see it; that the Johnson car entered the intersection first and should have been accorded the right of way. This, it is said, shows that Reel was not keeping a proper lookout.

Moreover, it is said that the Reel car must have been traveling at an excessive speed, because according to Johnson's testimony the Reel car traversed a distance of some 126 feet while the Johnson car was making its turn, and the force of the impact was so severe as to push the Johnson car sideways about five feet, inflicting considerable damage to it.

A short reply to this argument is that had the jury resolved all of these matters in favor of Johnson they would necessarily have absolved him from liability for the collision. Or, to put the matter another way, the fact that the jury have found against Johnson shows that they did not accept *in toto* his story as to how the collision occurred.

Miss Spencer, the plaintiff below, testified that as the Reel car approached the intersection it was "not going fast," but was being driven "in a normal manner." Indeed, all of the direct testimony on the subject was to the effect that the Reel car was proceeding at the moderate speed of from fifteen to twenty miles per hour. Not even Johnson testified to the contrary. The fact that the Johnson car was pushed a short distance along the slippery street and considerably damaged by the impact did not necessarily show excessive speed. The same result might have followed had the Reel car been proceeding at a moderate speed.

It is true that Johnson's brother testified that he examined the brakes on the Reel car two days after the collision and found them to be "weak," but the undisputed testimony is that the brakes were in good condition just before the collision. Moreover, since Reel testified that he had not anticipated the left turn of the Johnson car, and did not have time to apply his brakes before the collision, there was no causal connection between the alleged defective condition of the brakes and the collision.

The case of the plaintiff below against Reel boils down, then, to this: Was Reel guilty of gross negligence in not observing that the Johnson car was about to execute a left turn in front of him and in not according to it the right of way? In our opinion he was not.

Since the undisputed evidence shows that the two vehicles were approaching the intersection at approximately the same speed, and that the collision occurred at or about the center of the intersection, they must have reached the intersection at approximately the same time. In this situation it was the duty of Johnson to have waited until the

Reel car had cleared his (Johnson's) intended line of travel before undertaking to make a left turn in front of it. Reel had the right to assume that Johnson would act accordingly and give him the right of way, unless and until Johnson gave a timely and proper signal of his intention to turn.

Even if it be conceded that Johnson gave the required signal, and that Reel failed to see it, this would not, we think, show that Reel was guilty of gross negligence. It might indicate that Reel was not paying the close and diligent attention which may have been required of him because of the bad weather and the poor visibility then obtaining. It might have warranted a finding of simple negligence or ordinary negligence, but not of gross negligence.

We have repeatedly pointed out that gross negligence means something more than lack of ordinary care. In cases like that now before us we have characterized it as, "an utter disregard of prudence amounting to complete neglect of the safety" of the guest (*Wright* v. *Osborne,* 175 Va. 442, 445, 9 S. E. (2d) 452, 454), "heedless and reckless disregard of the rights" of the guest (*Woodrum* v. *Holland,* 185 Va. 690, 694, 40 S. E. (2d) 169, 171), "conduct which shows an utter disregard of prudence amounting to complete neglect of the safety of another" (*Millard* v. *Cohen,* 187 Va. 44, 50, 51, 46 S. E. (2d) 2, 5).

In our opinion the conduct of Reel, under the circumstances here related, did not constitute gross negligence as thus defined. Hence, the evidence is insufficient to warrant a verdict and judgment against him in favor of Miss Spencer, his guest.

For this reason the judgment against Reel is reversed, the verdict against him is set aside and final judgment here entered in his favor.

*Reversed and final judgment.*