# Richmond

## John Allen Garst v. Martha Elizabeth Obenchain, Administratrix of the Estate of Hubert Lee Obenchain, Deceased.

January 17, 1955.

Record No. 4289.

Present, Hudgins, C.J., and Eggleston, Spratley, Buchanan, Miller and Smith, JJ.

The opinion states the case.

*Carl R. Langhammer, M. S. McClung* and *J. B. Browder,* for the plaintiff in error.

*Kime & Jolly* and *G. J. Walpert,* for the defendant in error.

SMITH, J., delivered the opinion of the court.

This action was instituted by Martha Elizabeth Obenchain, administratrix of the estate of Hubert Lee Obenchain, referred to as plaintiff, against John Allen Garst, referred to as defendant, to recover for the death of plaintiff's decedent which resulted from injuries sustained while he was riding as a guest passenger in an automobile owned and operated by the defendant. A jury trial resulted in a verdict and judgment in the sum of $21,000.00 for the plaintiff, to which judgment we granted this writ of error.

The issues for our determination are: 1. whether the evidence is sufficient to convict the defendant of gross negligence; and, 2. whether the court erred in granting and refusing certain instructions. The first issue requires a review of the evidence at some length.

Both the defendant and the plaintiff's decedent were approximately 30 years old at the time of the accident and lived in the city of Roanoke where they grew up together. Shortly before midnight on November 1, 1952, the decedent appeared at a service station in Roanoke where the defend-

ant was on duty as manager and suggested that they go to a party in Lynchburg. The defendant agreed and after closing the service station they proceeded east along U. S. Highway 460 in the defendant's 1952 Ford automobile, a two door sedan, and upon arriving at Bedford they picked up James Donald Lovell, a sailor who was hitchhiking to Norfolk. As they continued toward Lynchburg the defendant and decedent occupied the front seat and Lovell rode alone on the back seat. Approximately three miles east of Bedford the road was winding and there was a series of three curves; the first curved to the left, the second eight degrees to the right and the third twenty degrees to the left. Along this section of the highway the hard surface was twenty feet wide with graveled shoulders and at the time of the accident the road was dry. The first curve, which was approximately 300 yards from the third curve, was marked by a directional arrow and a sign reading, "MAXIMUM SAFE SPEED 35 MILES PER HOUR"; the second was unmarked and the third was marked by a directional arrow.

The right wheels of the car left the hard surface of the road at the beginning of the third curve, and after traveling about 100 feet partly on and partly off the hard surface the vehicle left the road completely and ran 98 feet, knocking down the directional arrow and a fence post, before striking a sycamore tree, which stood approximately 25 feet from the edge of the hard surface, and careened 20 feet straight downward into a gully or ravine. As a result of the accident the plaintiff's decedent was killed and the other two occupants were injured. The State Trooper who investigated the accident soon after it occurred testified that the car's motor was found approximately 50 feet "back towards Bedford" from the tree and that the car "was a complete loss, torn all to pieces."

The testimony of the two surviving eye-witnesses, the defendant and Lovell, is conflicting. In addition to testifying that he saw the maximum safe speed sign and the directional

arrows above mentioned, Lovell testified that about 500 yards west of the accident there were two road-under-construction signs, one of which read, "DRIVE CAREFULLY." It is admitted, however, that no part of the highway upon which the accident occurred was under construction. Lovell further testified that as they passed the road-under-construction signs the defendant was driving 60 to 65 miles per hour and that he continued to drive at that speed until the accident occurred; that "when we started into the winding road" the decedent "asked the driver to slow it down a little bit for the curves, and he didn't seem to slow down any" or make any reply to the decedent. He also testified that he saw no other car or car lights at the scene of the accident; that the car had not left the hard surface of the road on any previous curves; that he made no protest to the defendant and that although he was sleepy he was "too scared to sleep."

The defendant testified that he was driving between 35 and 40 miles per hour and that of the signs mentioned the only one he recalled seeing was the arrow at the third curve. He further testified that as he approached that curve he saw the bright lights of an oncoming car and when he realized it was over on his side of the road he cut to the right to avoid it and lost control of the car when he ran off the hard surface onto the loose gravel of the shoulder. He also testified he had not been over this road in four years, and that no one made any complaint or comment to him about his driving.

■ Since the gross negligence rule was adopted in *Boggs* v. *Plybon*, 157 Va. 30, 160 S. E. 77, (1931), it has been codified (Code, § 8-646.1), and applied in many cases. In some of these cases it was held that the evidence of gross negligence was insufficient to submit the question to the jury, while in others it was held that gross negligence was established, or that the evidence was sufficient to present the question to the jury. Most of these cases were listed by Chief Justice Hudgins in *Alspaugh* v. *Diggs*, 195 Va. 1, 6, 7, 77 S. E. (2d) 362.

In the recent case of *Kennedy* v. *McElroy*, 195 Va. 1078, 1081, 81 S. E. (2d) 436, we said: "Gross negligence is that degree of negligence which shows an utter disregard of prudence, amounting to complete neglect of the safety of another; such heedless and reckless disregard of his rights as to be shocking to reasonable men. *Crabtree* v. *Dingus*, 194 Va. 615, 618, 74 S. E. (2d) 54, 56; *Reel* v. *Spencer*, 187 Va. 530, 535, 47 S. E. (2d) 359, 361.

"Ordinary negligence and gross negligence differ in degree, while both differ in kind from willful and intentional conduct which is known, or ought to be known, to have a tendency to injure. *Alspaugh* v. *Diggs*, 195 Va. 1, 5, 77 S. E. (2d) 362, 364."

Gross negligence, like all other kinds of negligence, is ordinarily a question of fact for the jury and only becomes a question of law for the court when, under the applicable rules of negligence, reasonable men should not differ as to the proper conclusion to be drawn from the evidence. However, when a party comes into this court with a jury's verdict, approved by the judgment of a trial court, we accept as true all of his credible evidence and all fair inferences which may be drawn therefrom, and all evidence in conflict therewith is disregarded. *Kennedy* v. *McElroy, supra; Alspaugh* v. *Diggs, supra; McDowell* v. *Dye*, 193 Va. 390, 69 S. E. (2d) 459; *Sibley* v. *Slayton*, 193 Va. 470, 69 S. E. (2d) 466; *Carr* v. *Patram*, 193 Va. 604, 70 S. E. (2d) 308; *W. O. W. Life Ins. Soc.* v. *Grant*, 185 Va. 288, 38 S. E. (2d) 450.

When these principles are applied to the evidence in this case, it was clearly a question for the jury to decide, under proper instructions, whether the accident resulted from the defendant's being forced off the road by an oncoming car or whether the accident resulted from excessive speed and the defendant's failure to exercise proper care under the circumstances. Thus, when the evidence is viewed in the light most favorable to the plaintiff, it is sufficient to warrant the jury in finding that the defendant showed an

utter disregard of prudence, amounting to complete neglect of the safety of his guests when he drove along a winding road and attempted to negotiate a twenty degree curve at an excessive and dangerous speed after having been warned to slow down for the curves; failed to see and heed warning signs; and ran off the road and against a tree at a speed sufficient to demolish the car and dislodge its motor which was found 50 feet from the tree.

The defendant relies on *Richter* v. *Seawell*, 183 Va. 379, 32 S. E. (2d) 62, a case in which the motor and radiator were thrown clear of the body of a car, all the occupants of the car were killed and there were no eye-witnesses. It' was held that while the physical facts justified the inference that the car was proceeding at a considerable speed, there was no indication that the speed was in excess of the statutory maximum of fifty-five miles per hour or that such maximum speed under the existing conditions, where the road was 42 feet wide, straight and level, would have been grossly negligent. Here the road was 20 feet wide and winding and there was testimony that the defendant was driving 60 to 65 miles per hour.

Many other cases in which it was held that the evidence was insufficient to establish gross negligence are cited and relied on by the defendant, but they are equally distinguishable from this case and to undertake to review all of them would serve no useful purpose. *Alspaugh* v. *Diggs*, *supra*.

The vital issue in this case is whether the trial court erred in granting Instruction No. 2, which reads as follows:

"The Court instructs the jury that the traffic laws of the State of Virginia prohibit the operator of an automobile from:

"1. Driving at a speed in excess of that which is reasonable under the circumstances and traffic conditions existing at the time;

"2. Disregarding a highway caution or warning sign and passing the same without checking the speed of such vehicle;

"3. Disregarding highway construction signs by not checking the speed of such vehicle;

"4. Failing to keep such vehicle under proper control.

"And if you believe from a preponderance of the evidence in this case that the defendant, John Allen Garst, violated the above traffic regulations, then the Court tells you that each such violation constituted an independent act of negligence on his part; and if you further believe that the cumulative effect of these negligent acts by Garst, if any, amounted to gross negligence, as defined in other instructions of the Court, and that such gross negligence was the proximate cause of the accident, resulting in the death of Hubert Lee Obenchain, then your verdict should be for the Plaintiff, Martha Elizabeth Obenchain, Administratrix of the estate of Hubert Lee Obenchain, deceased, in such amount as you feel is fair and just under all the circumstances of the case, not to exceed, however, $25,000, the amount sued for."

The defendant objected and excepted in the trial court to the granting of this instruction, citing *Mitchell* v. *Wilkerson*, 193 Va. 121, 67 S. E. (2d) 912 and *Drumwright* v. *Walker*, 167 Va. 307, 189 S. E. 310. Although the defendant objected to this instruction and made it the basis of one of his assignments of error, the abbreviated statement of the grounds of his objection appearing in the record does not show that he pointed out with the desired exactness the errors in the instruction. However, sufficient was said to draw the court's attention to what is on its face an erroneous instruction. Furthermore, in his brief and argument before this court the defendant clearly stated why the instruction is erroneous and the plaintiff in his brief and argument raised no objection that the defendant did not properly save his objection and exception in the trial court.

When and under what circumstances a combination of negligent acts constitutes gross negligence was first stated in *Drumwright* v. *Walker, supra*, 167 Va., at page 314. Our most recent statement of the rule may be found in *Kennedy*

v. *McElroy, supra,* 195 Va., at page 1082, where we said: "If a number of negligent acts are so combined that reasonable men may differ as to whether their cumulative effect shows a form of recklessness or a total disregard of all precautions akin to willful and wanton misconduct, it is a question for the jury whether such negligence amounts to gross negligence." Citing *Mitchell* v. *Wilkerson,* and *Drumwright* v. *Walker, supra.*

In the *Mitchell* case an instruction which listed several duties of the defendant and concluded that if he "violated two or more of his said duties, you may find him guilty of gross negligence," was held to be an erroneous statement of the law because "something more than a mere breach of two or more statutory duties imposed upon a driver is required in order to sustain a finding that he has been guilty of gross negligence." 193 Va., at page 127. Hence, it is not the mere number of violated duties, common law or statutory, which constitutes gross negligence but their cumulative effect under the circumstances, amounting to a form of recklessness or a total disregard of all precautions akin to willful and wanton misconduct. It is clear, therefore, that when the jury are instructed that they may infer gross negligence from certain enumerated negligent acts, the duties stated to have been violated must in fact be duties and not a restatement of the same duty.

The first three numbered paragraphs of Instruction No. 2 are no more than a restatement of the same duty, namely, to operate the automobile at a reasonable rate of speed under the circumstances and traffic conditions existing at the time, which is stated in paragraph numbered 1 and imposed by Code, § 46-209(7). The "highway caution or warning sign," mentioned in paragraph numbered 2, apparently refers to the maximum safe speed sign which was not a speed limitation sign but a caution or warning sign which the jury might have considered as one of the circumstances in determining what was a reasonable speed under all the circumstances. The "highway construction signs" mentioned in

paragraph numbered 3 were also caution or warning signs, which the jury might have considered in determining whether the speed was "reasonable under the circumstances and traffic conditions existing at the time," the phraseology used in paragraph 1. Therefore, it was error to instruct the jury that paragraphs numbered 2 and 3 were "traffic regulations" and that the violation of each "constituted an independent act of negligence" on the part of the defendant.

■ The defendant contends that the court erred in refusing his Instruction D on contributory negligence and that it erred in granting plaintiff's Instruction No. 1, because that instruction failed to require the defendant's negligence to be the "proximate" cause of the accident and failed to take into account the defense of contributory negligence.

It is well settled that if a guest in an automobile knows, or in the exercise of due care should know, that the driver is operating the car in a negligent or reckless manner, or is incompetent to drive, it is the duty of the guest to take the same precautions to avoid injury that a reasonably prudent person would have taken under the circumstances. These precautions usually take the form of warning the driver of apparent dangers, protestations or even leaving the automobile at the first reasonable opportunity. However, the guest has no duty to direct or control the driver who has physical control of the car, but may trust him until it becomes clear that such trust is misplaced. This is because attempts by the guest to direct or control the driver may result in more harm than good by creating hesitation or indecision in the driver and therefore an additional hazard, especially when the danger is already imminent. *Steele v. Crocker*, 191 Va. 873, 62 S. E. (2d) 850; *Mize v. Gardner Motor Co.*, 166 Va. 415, 186 S. E. 108; *N. & W. Ry. Co.* v. *Wellons' Adm'r*, 155 Va. 218, 154 S. E. 575; 2 Michie's Jur., Automobiles, § 70, p. 551, 5 Am. Jur., Automobiles, § 475, p. 769 *et seq.;* 154 A. L. R. 924.

In the light of these principles we hold that the record in this case does not disclose any evidence of contributory

negligence on the part of the plaintiff's decedent and that therefore the court was correct in refusing defendant's Instruction D on contributory negligence and in refusing to refer to that defense in Instruction No. 1, which reads as follows:

"The Court instructs the jury that if they believe from a preponderance of the evidence that the death of Hubert Lee Obenchain was caused, or resulted from the gross negligence or willful and wanton disregard for the safety of the said Hubert Lee Obenchain by John Allen Garst, the operator of the automobile in which Obenchain was riding at the time of the accident, then the jury must find their verdict for the plaintiff."

Although this instruction was stated in the language of the "guest statute," Code, § 8-646.1, if it is offered upon retrial it should be amended to require that the defendant's negligence be the "proximate" cause of the accident. *Steele* v. *Crocker, supra.* Furthermore, it is a finding instruction which "must state a complete case and embrace all elements necessary to support a verdict," including the defense of contributory negligence when there is evidence of any. *Davis* v. *Webb,* 189 Va. 80, 87, 52 S. E. (2d) 141.

For the reasons stated the judgment is reversed and the case is remanded for a new trial.

*Reversed and remanded.*