**Lillian E. PERRY, Appellant,**

v.

**Dorothy Gilpin RILEY, Appellee.**

**No. 2533.**

Municipal Court of Appeals for the District of Columbia.

Argued March 14, 1960.

Decided May 17, 1960.

54

Morton Liftin, Washington, D. C., for appellant.

Bond L. Holford, Washington, D. C., with whom Donald J. Caulfield, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

This was an action for damages brought by appellant against appellee, operator of an automobile in which appellant was a guest passenger, for personal injuries sustained when the automobile was involved in an accident. Trial without a jury was had which resulted in a judgment for appellee. The sole question on appeal is whether appellee was guilty of gross negligence,[1] appellant contending that the court erred in its application of the Virginia law on that issue and that the evidence warranted a finding in her favor.

The facts are as follows. The accident occurred about five miles south of Fredericksburg, Virginia, on May 10, 1957, during daylight hours in clear, dry weather. Appellee was proceeding in a southerly direction going from Washington, D. C., to Richmond, Virginia. She had traveled this road many times on visits to her mother who lived in Richmond. It does not appear under what circumstances appellant accompanied appellee, but no evidence was introduced as to payment for the transportation, and the case was tried below on the theory of gross negligence with appellant as a guest.

U. S. Route 1 at the point where the accident occurred is a four-lane paved road, with two southbound and two northbound lanes; there is no grass median in the vicinity. Appellee had stopped for a red light and when she started on the green light a tractor-trailer truck pulled in about a hun-

1. 2 Code of Virginia, § 8-646.1 (1950). "No person transported by the owner or operator of any motor vehicle as a guest without payment for such transportation * * * shall be entitled to recover damages against such owner or operator for death or injuries to the person or property of such guest resulting from the oper- ation of such motor vehicle, unless such death or injury was caused or resulted from the gross negligence or willful and wanton disregard of the safety of the person or property of the person being so transported on the part of such owner or operator."

dred feet behind her car. Both vehicles were in the right-hand or driving lane and not exceeding the speed limit.

About this time a third vehicle, a light-colored Oldsmobile (never identified), came up in the left-hand or passing lane, passed the truck, and "with a burst of speed" attempted to pass appellee's car. When it was only half-way past it cut over towards her car in the driving lane. Noticing this, she veered to the right in an attempt to avoid a collision. She estimated her speed at this time to be about thirty-five miles per hour, having slowed down when she saw the Oldsmobile coming up on her left.

As it was forced off the road appellee's car headed towards "some underbrush and scrub pines and shrubs," and down a slight grade on the shoulder estimated at about two and one-half inches. A cloud of dust arose; appellee lost control of the car which returned to the pavement, crossed all four lanes of the highway diagonally, and went over an embankment into a meadow on the other side. Appellant suffered bruises or sprains of her head, shoulder, leg and hand.

These facts are uncontroverted and corroborated by the driver of the truck. The only difference in the testimony of the parties is that appellant testified that after the appellee had been forced off the pavement, returned to it, and began to cross the highway, she "threw her hands up" and said " 'I did it, I did it, I did it.' " Appellee denied this, and testified that she "had her hands on the steering wheel at all times."

■ On this set of facts we would have to find gross negligence as a matter of law in order to disturb the finding of the trial court. Under Virginia law, gross negligence is a question of fact unless reason-

able men could not differ as to proper conclusion to be drawn from the evidence.[2] If there is any conclusion that reasonable men could agree on here it is that the initial causative factor of the accident was due to no fault of appellee and not attributable to any manner in which she operated the car, so that there is a lack of gross negligence as a matter of law.[3]

■ Appellant, however, is proceeding on the theory that the events are severable; that while appellee was not at fault in being forced off the road, it was gross negligence, on having returned to it, to drive diagonally across the four lanes and into the embankment. This approach is based on the contention that there was not enough rough terrain encountered on the right shoulder to excuse the loss of control, and also on the claim that appellee failed to exercise any corrective action.

It would be illogical to break up what is essentially one continuous occurrence into several segments and accord to each widely divergent degrees of negligence. We cannot omit from the facts under consideration the events which transpired prior to the time the car returned to the pavement and conclude, as appellant requests, that it was gross negligence for appellee, "without explanation," to have failed to control her car. In one respect this would not be of any aid to appellant, since she has the burden of proving gross negligence, and in the cases where accidents occurred without adequate explanation as to causation we note the courts have consistently held that the plaintiff cannot recover in the absence of sufficient credible evidence tending to show gross negligence.[4]

In the instant case to say that the accident was without explanation would be to

2. Newell v. Riggins, 197 Va. 490, 90 S.E.2d 150; Garst v. Obenchain, 196 Va. 664, 85 S.E.2d 207; Alspaugh v. Diggs, 195 Va. 1, 77 S.E.2d 362.

3. Smith v. Smith, 199 Va. 55, 97 S.E.2d 907; Lloyd v. Green, 194 Va. 948, 76 S.E.2d 190; Carr v. Patram, 193 Va. 604,

70 S.E.2d 308; Sibley v. Slayton, 193 Va. 470, 69 S.E.2d 466.

4. Crabtree v. Dingus, 194 Va. 615, 74 S.E.2d 54; Keen v. Harman, 183 Va. 670, 33 S.E.2d 197; Richter v. Sewall, 183 Va. 379, 32 S.E.2d 62; Young v. Dyer, 161 Va. 434, 170 S.E. 737.

disassociate from the loss of control the fact that appellee was placed under these unusual circumstances by the wrongful act of another. She may have aggravated the situation by taking improper corrective action, but that was clearly in response to the sudden emergency presented and cannot be said to be without explanation. We think the evidence conclusively shows that were it not for the initiating factor there is no indication that appellee would have had difficulty in handling her car competently at that point in the journey.

■ Appellant also relies on the fact that there was no physical impact associated with the initial causative factor as there was in the cases cited by appellee wherein the courts found gross negligence to be lacking as a matter of law. But a physical impact is not a necessity before an emergency requiring immediate action arises. If appellee had not swerved when she did the consequences could have been far more serious. In Thomas v. Snow, 162 Va. 654, 174 S.E. 837, 840, the court recognized this when it said that drivers are "frequently compelled to turn quickly one way or the other to avoid a collision. A failure to do so under some circumstances may be gross negligence."

The Virginia cases define gross negligence as " 'an utter disregard of prudence amounting to complete neglect of the safety' of the guest * * · *, 'heedless and reckless disregard of the rights' of the guest * * *, 'conduct which shows an utter disregard of prudence amounting to complete neglect of the safety of another' * * *." Reel v. Spencer, 187 Va. 530, 535, 47 S.E.2d 359, 361. One case has listed the indicia of gross negligence as purposeful recklessness, deliberate inattention to known dangers, and a conscious and intended violation or rash disregard of traffic laws. Lloyd v. Green, supra.

■ It is apparent from this definition that a driver's unskillful or imprudent reaction to a dangerous situation created by another falls far short of what is required to make a case of gross negligence. The most that can be said of appellee's behavior here is that upon becoming aware of the danger, and in being forced off the road in an attempt to avoid a collision, she ran over ground which conceivably could have been rough enough to cause a driver of average skill to lose control of the car. Loss of control may have been hastened by her becoming unduly excited and unnerved. But for her to have failed to act promptly and intelligently under the circumstances presented, such as an ordinarily prudent person would, constitutes only ordinary negligence at best; it is not gross negligence.

After reviewing the cases on the subject we conclude that the court did not err in its interpretation of the Virginia law on the issue of gross negligence.

Affirmed.