COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Annunziata and
          Senior Judge Duff
Argued at Alexandria, Virginia


SAMIA MILLS
                                  MEMORANDUM OPINION[*] BY
v.   Record No. 0884-99-4         JUDGE ROSEMARIE ANNUNZIATA
                                       APRIL 4, 2000
MICHAEL L. MILLS AND
 MARCIA B. MILLS


            FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                  James W. Haley, Jr., Judge

        Dennis E. Ahearn for appellant.

        Joseph A. Vance, IV (Joseph A. Vance, IV &
        Associates, on brief), for appellees.


     The issue to be addressed in this appeal arises from a

decision of the trial court based on its finding that Samia

Mills, the mother of O.M., a minor child, unreasonably withheld

her consent for adoption of O.M. by the appellees, contrary to

the child's best interests.  The mother contends that the

evidence presented to the trial court did not clearly and

convincingly demonstrate that the adoption was in O.M.'s best

interest.  We disagree and affirm.

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

FACTS

Under familiar principles, we review the evidence on appeal in the light most favorable to the party who prevailed below, giving it all reasonable inferences fairly deducible therefrom. See Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990). O.M. was born on September 23, 1991 to Timothy and Samia Mills. On November 25, 1991, she was placed in foster care with the appellees, her paternal uncle and his wife, as a result of the mother's mental illness and the father's inability to parent the child at the time. She has been with her adoptive parents ever since, and has never spent the night with either of her biological parents.

A Report of Investigation prepared by the Stafford County Department of Social Services recommended that a final order of adoption be entered. The child's counselor also recommended that visitation be terminated and that adoption be granted. Finally, the court-appointed psychologist who prepared an Attachment and Bonding Evaluation found that there was neither attachment nor bonding between O.M. and her mother.

The mother is a Palestinian native of Israel, where she was a professor of biochemistry. She and Timothy Mills were married in 1990, after she came to teach at Johns Hopkins University. Both before and subsequent to the birth of O.M., the mother was committed to a hospital for treatment of paranoid schizophrenia

and placed on medication. Although she is in remission of positive symptoms, she continues to suffer a degree of mental impairment.

### ANALYSIS

"An adoption over objection by a natural parent should not be granted except upon clear and convincing evidence that the adoption would be in a child's best interest and that it would be detrimental to continue the natural parent-child relationship." Frye v. Spotte, 4 Va. App. 530, 532, 359 S.E.2d 315, 317 (1987) (citing Robinette v. Keene, 2 Va. App. 578, 347 S.E.2d 156 (1986)). "The trial court's decision, when based upon an ore tenus hearing, is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Id. at 537, 359 S.E.2d at 319-20. Because we review the evidence in the light most favorable to the party prevailing below, all evidence in conflict with the appellees' evidence must be disregarded. See Garst v. Obenchain, 196 Va. 664, 668, 85 S.E.2d 207, 210 (1955); Rusty's Welding Service, Inc. v. Gibson, 29 Va. App. 119, 131, 510 S.E.2d 255, 261 (1999). Furthermore, "[i]t is well settled that issues of credibility and the weight of the evidence are within the unique province of the trier of fact." Parish v. Spaulding, 26 Va. App. 566, 575, 496 S.E.2d 91, 95 (1998). "When weighing the evidence, the fact finder is not required to accept entirely

either party's account of the facts." Winfield v. Urquhart, 25 Va. App. 688, 696, 492 S.E.2d 464, 467 (1997) (citation omitted). The fact finder need not accept the testimony of a non-custodial parent simply because it provides the only account of certain facts alleged. See id. at 696, 492 S.E.2d at 468 (citations omitted).

In determining whether valid consent to adoption is withheld contrary to the best interest of the child, the court must consider the child's best interests vis à vis both the prospective adoptive parents and the parent whose consent to the adoption is being withheld. See Hickman v. Futty, 25 Va. App. 420, 432, 489 S.E.2d 232, 237 (1997). Code § 63.1-225.1 requires determination of "whether the failure to grant the petition for adoption would be detrimental to the child."

> Where the evidence reveals that adoption
> would be in the child's best interests and
> the continued relationship with the
> non-consenting parent would be detrimental,
> it follows that the failure to grant the
> adoption would be detrimental to the child.
> In such a case, the conclusion that consent
> is withheld contrary to the child's best
> interests is compelled.

Hickman, 25 Va. App. at 432, 489 S.E.2d at 237-38. Among the factors which the court must consider to determine detriment to the child which a failure to grant the petition would occasion are:

> the birth parent(s)' efforts to obtain or
> maintain legal and physical custody of the

- 4 -

> child, whether the birth parent(s)' efforts
> to assert parental rights were thwarted by
> other people, the birth parents(s)' ability
> to care for the child, the age of the child,
> the quality of any previous relationship
> between the birth parent(s) and the child
> and between the birth parent(s) and any
> other minor children, the duration and
> suitability of the child's present custodial
> environment and the effect of a change of
> physical custody on the child.

Code § 63.1-225.1; see also Hickman, 25 Va. App. at 426, 489 S.E.2d at 235.

The trial judge considered all the required statutory factors, and the evidence in this case supports his findings. Evidence that the mother is able to care for O.M. is minimal, at best. The child is not allowed to live with the mother at her current residence in accordance with the residential complex rules. The mother's mental illness limits her ability to properly parent the child. O.M. has not been in the care of the mother in almost eight years, although numerous hearings were held in which the mother petitioned for the right to regain custody of her children[1] and to modify the terms of her visitation. In no instance was placement of the child awarded to the mother.

Although the mother testified that the adoptive parents have thwarted her efforts to maintain contact with O.M., it is

---

[1] O.M. was born with a fraternal twin, whose custody is not at issue in this case.

clear from the record that the mother's mental illness is the predominating factor in the failure not only to establish contact, but also to establish a bonded relationship with the child. The absence of any meaningful relationship between O.M. and her biological mother was documented and emphasized by the licensed clinical social worker, Karin L.M. Brown, and by the psychologist who testified in the case, Dr. Susan D. Rosebro. The former filed a report admitted into evidence which indicated that O.M. did not desire contact with her mother and that there was "virtually no relationship" between O.M. and her mother. Brown recommended permanent termination of all visitation with the biological parents and completion of the adoption. The latter witness prepared an Attachment and Bonding Evaluation pursuant to the court's order. It was admitted into evidence and showed that "the relationship between Samia Mills and . . . [O.M.] is dysfunctional . . . ." Rosebro likewise recommended termination of visitation, stating that "[f]orcing . . . [O.M.] to have contact with [her] biological mother in the absence of any attachment and bonding in the mother-child relationship poses significant psychological risks to [O.M.'s] current health and emotional development." Moreover, the trial court was entitled to reject the mother's testimony concerning the appellees' alleged efforts at thwarting her visitation. See Winfield, 25 Va. App. at 696, 492 S.E.2d at 468.

- 6 -

Further evidence in the case established that the child is doing well in the home of the adoptive parents, feels secure there, and is attached to her adoptive parents. She is doing well in school, and has progressed sufficiently to eliminate the need for further counseling.

Because the evidence admitted at the hearing established clearly and convincingly that O.M.'s placement in the home of her adoptive parents was in her best interest and that a continued relationship with her biological mother would be detrimental to her health and emotional development, we affirm the trial court's decision. Furthermore, as the court was entitled to reject the mother's claim that the adoptive parents had thwarted her attempts to maintain contact with O.M., all the factors established in Code § 63.1-225.1 appear to have been weighed and considered by the court. We find no error.

<u>Affirmed</u>.