COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Humphreys and Senior Judge Overton


NORMA JEAN SCRUGGS HAGA

MEMORANDUM OPINION[*]

v.        Record No. 2915-04-2                                            PER CURIAM
                                                                                         MAY 24, 2005

KEITH SCHLOSBERG AND
 CAROLYN SCHLOSBERG


FROM THE CIRCUIT COURT OF PRINCE EDWARD COUNTY
Charles L. McCormick, III, Judge

(Katherine L. Hollister; James Pendleton Baber Law Firm, on brief),
for appellant.

(Betsy H. Phillips; Jody Holyst Fariss, Guardian *ad litem* for the
infant child, on brief), for appellee.


Norma Jean Scruggs Haga appeals from the circuit court's November 15, 2004 order

granting the petition of Keith and Carolyn Schlosberg to adopt her birth child.  Haga contends the

evidence was insufficient to support the adoption order.  Upon reviewing the record and briefs, we

conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the

trial court.  See Rule 5A:27.

## BACKGROUND

The child, born October 11, 1997, is also the daughter of Jeff Haga[1] and is the paternal

granddaughter of Carolyn Schlosberg.  When the child was approximately six weeks old, the

Department of Social Services removed her from her parents. On February 4, 1998, Carolyn

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] This Court dismissed Jeff Haga's appeal by order entered April 18, 2005.  Haga v.
Schlosberg, Record No. 2903-04-2.

Schlosberg was awarded temporary custody of the child. During the course of the next several years the child remained with the Schlosbergs. Numerous court hearings were held regarding visitation of the child with her biological parents. On August 2, 2004, the Schlosbergs filed an amended petition for adoption pursuant to Code § 63.2-1201 and requested a waiver of parental consent pursuant to Code § 63.2-1203.

Therapist Lynn C. Blackwood, Jr. testified he treated the child between June 2002 and June 2004. He described the child as having made "significant gains" during that period and stated the child demonstrated a secure attachment to the Schlosbergs. He opined that a change in the child's current custodial setting would cause a "significant regression."

Social worker Roma Morris testified she had contact with Norma Haga beginning prior to the child's birth. Morris had been involved in the removal of Norma Haga's two older children due to her inability to care for them. Morris continued to provide services to the Hagas after the child was removed to the Schlosbergs' care. She tried to arrange parenting classes, "recommended counseling," and "made home visits . . . trying to see if the home situation could improve." She explained "[t]he housing conditions were very poor, with trash and debris scattered everywhere." She also noted that the parents failed to make any progress towards remedying the conditions. In a January 2004 report, Morris recommended the adoption of the child by the Schlosbergs, noting that neither parent was capable of taking care of their daughter. By that time, Norma Haga was living with another man and Jeff Haga would not allow the Department's representatives to visit his home. In an investigation report, Morris indicated that Jeff Haga stated "there are loads of garbage filling up the home, dirty clothes everywhere, and dog urine and feces covering the floors."

During the time the child was in the Schlosbergs' custody, Norma Haga failed to complete psychological evaluations and testing, failed to remedy the unsanitary condition of her residence, failed to attend parenting classes, and refused in-home services.

Norma Haga failed to appear at the October 26, 2004 adoption hearing and presented no evidence. The evidence proved she had no contact with the child during the eighteen months preceding the adoption hearing. The trial judge granted the adoption petition, finding that consent was withheld by the parents contrary to the best interests of the child.

ANALYSIS

Under familiar principles of appellate review, we consider the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Schlosbergs, the parties who prevailed below. See Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990). Thus, all evidence in conflict with the Schlosbergs' evidence must be disregarded. See Garst v. Obenchain, 196 Va. 664, 668, 85 S.E.2d 207, 210 (1955). When the trial court's decision is based, as here, on an *ore tenus* hearing, it "is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Frye v. Spotte, 4 Va. App. 530, 537, 359 S.E.2d 315, 319-20 (1987). Furthermore, it is well settled that "the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Anderson v. Anderson, 29 Va. App. 673, 686, 514 S.E.2d 369, 376 (1999).

"An adoption over objection by a natural parent should not be granted except upon clear and convincing evidence that the adoption would be in a child's best interest and that it would be detrimental to continue the natural parent-child relationship." Frye, 4 Va. App. at 532, 359 S.E.2d at 317. In making that determination, the trial court must "consider the child's best interests *vis-a-vis* both the prospective adoptive parents and the parent whose consent to the adoption is being withheld." Hickman v. Futty, 25 Va. App. 420, 432, 489 S.E.2d 232, 237 (1997). In determining whether the withholding of consent is contrary to the child's best interests, the court must "consider whether the failure to grant the petition for adoption would be

detrimental to the child." Id. at 426, 489 S.E.2d at 234-35 (citing and listing factors in former

Code § 63.1-225.1).[2]

> Detriment is determined . . . by considering the non-consenting parent's
> fitness, or ability, to parent the child as well as the relationship the
> non-consenting parent maintains with the child and other children, if any.
> That relationship . . . is evaluated in terms of the non-consenting parent's
> willingness to provide for the child, that parent's record of asserting
> parental rights, taking into consideration the extent to which, if any, such
> efforts were thwarted by other people, and the quality of the parent-child
> relationship.

Id. at 431-32, 489 S.E.2d at 237; see also Code § 63.2-1205 (setting forth the "relevant factors" a

court must consider).

> Where the evidence reveals that adoption would be in the child's
> best interests and the continued relationship with the
> non-consenting parent would be detrimental, it follows that the
> failure to grant the adoption would be detrimental to the child. In
> such a case, the conclusion that consent is withheld contrary to the
> child's best interests is compelled.

Hickman, 25 Va. App. at 432, 489 S.E.2d at 237-38.

Here, the evidence supports the trial court's findings that Norma Haga withheld consent

contrary to the best interests of the child and that her continued relationship with the child would

be detrimental.

The Schlosbergs have provided supervision and a positive home environment for the child

since shortly after her birth. Since the child was removed from the home, Norma Haga has

provided no financial assistance to the child, has had limited contact with the child, and has been

unable or unwilling to remedy the factors that led to the child's initial removal from her care.

---

[2] Code § 63.1-225.1 was repealed and recodified in 2000 as Code § 63.1-219.13. In October 2002, Code § 63.1-219.13 was repealed and recodified as Code § 63.2-1205. Likewise, Code § 63.1-225(F) was also repealed and recodified in 2000 as Code § 63.1-219.11, which in October 2002, was repealed and recodified as Code § 63.2-1203.

Nothing in the record indicates the Schlosbergs thwarted any attempts by Norma Haga to have a relationship with her child.

The record contains sufficient evidence from which the trial court could find by clear and convincing proof that continuing a parent-child affiliation between Norma Haga and the child would be detrimental and that Norma Haga withheld consent contrary to the best interests of the child.

Accordingly, we summarily affirm the decision of the trial court.  <u>See</u> Rule 5A:27.

<u>Affirmed.</u>